[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution of marriage action was commenced in July of 1996 and has a very tortured, contentious, and lengthy history which need not be reviewed here in detail. On September 9, 1998 the matter was referred by the court, Steinberg, J., to the Regional Family Trial Docket. After five days of trial, the parties entered into a Separation Agreement dated March 4, 1999 which agreement was incorporated into the judgment by the court, McLaughlin, J.
On March 19, 1999 plaintiff's counsel filed a Motion for Contempt Post Judgment claiming that the defendant had violated provisions of the Separation Agreement requiring the defendant to liquidate and pay over "$16,000± to the plaintiff's wife's counsel as trustee for wife within seven days." On May 6, 1999 the defendant filed a Motion to Transfer Hearing on plaintiff's Post Judgment Motion for Contempt, defendant's Objection Thereto, defendant's Motion to Open and Modify Judgment and defendant's Motion for Advice to the Regional Family Trial Docket at Middletown as well as the individual motions referenced in the Motion to Transfer on June 16, 1999.
These motions are presently before the court. CT Page 9806
The court enters the following orders. The Motion to Transfer is denied. The Motion for Contempt dated March 29, 1999 isdenied. Motion to Open and Modify Judgment, dated May 6, 1999 isdenied. The Motion for Judgment of Contempt dated June 16, 1999 is denied. The defendants Motion for Advice is granted and orders enter in accordance with this Memorandum.
The dispute between the parties centers around two issues. The first issue requires an interpretation of paragraph 5D and 5E of the separation agreement[1] which deals with the property settlement. The second issue deals with alleged failure to pay child support.
The defendant claims that upon liquidation of the balance of the portfolio the amount of $19,235.07 was realized. This is $3235.07 greater than the $16,000 number that appears in the agreement. The defendant claims that the agreement intended to operate as a split of the assets in approximately equal shares. He points to the fact that the agreement provides under paragraph SD that his client shall receive $175,357 and that the wife under paragraph SE shall receive $175,538. There is no dispute that the balance of the proceeds is $19,235.07. The defendant seeks to split the amount in excess of $16,000. The plaintiff claims she is entitled to the "balance" of the proceeds and that this is supported by the fact that the numbers used in the separation agreement are approximations.
Based upon the evidence adduced at the hearing on the motions and the review of the agreement made part of the judgment entered on March 4, 1999 the court finds the plaintiff is entitled to the "balance" of the portfolio account which is $19,235.07 minus the $16,000 already paid. The court notes that the agreement makes no mention of any intent to divide the assets with mathematical precision, the additional $3235.07 represents .9% of the marital assets and many of the values in the agreement are estimates. Whether the difference between the $16,000 and the $19,235.07 was a result of the post-judgment growth of the fund, fees that were less than contemplated, or due to a mistaken belief as to the value on the date of dissolution is unclear from the testimony. The Court orders the defendant to turn over the balance of the proceeds to the plaintiffs counsel forthwith.
As to the second issue regarding child support, the plaintiff claims that she received all child support payments due since the date of judgment with the exception of one payment which was CT Page 9807 $42.50 less than the required $118 weekly payment. The defendant agrees with this but states that he deducted the $42.50 as the plaintiff's portion of the unreimbursed medical bills and prescription costs. He further indicates that despite numerous attempts to obtain payment the plaintiff failed to reimburse him. The plaintiff admitted that she had no dispute with a portion of the $42.50 yet did not pay that portion to the defendant. The court declines to hold the defendant in contempt based upon these facts.
Zarella, J.